IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV00252-MU

INNOVA PLAN STRATEGIES, LLC, )
)
                  Plaintiff, )
)
v. )         ORDER
)
STANDARD INSURANCE COMPANY, )
)
                  Defendant. )
_____)

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Document #4). Plaintiff Innova Plan Strategies, LLC brings claims of breach of contract and negligent misrepresentation against Defendant Standard Insurance Company. Defendant Standard now moves to dismiss the claim of negligent misrepresentation under Federal Rule of Civil Procedure 12(b)(6).

The Court finds that Defendant fails to satisfy the standard of a 12(b)(6) motion to dismiss. Accordingly, Defendant's Motion for Dismiss is DENIED.

**I. FACTS**

Plaintiff Innova Plan Strategies ("Innova") alleges that Defendant Standard Insurance Company ("The Standard") is liable for breach of contract and negligent misrepresentation. Innova's claim is based on two statements made by The Standard: (1) "Standard represented to Plaintiff that Standard would be able to produce contract for insurance plans for Plaintiff's client, Shelba, by the deadline of June 1, 2004;" and (2) "Standard represented to Plaintiff . . . that the contracts would mirror the prior contracts between Shelba and Canada Life." *See* Complaint ¶

## II.  DISCUSSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.  *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004).  A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements.  *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003).  Moreover, "allegations must be stated in terms that are neither vague nor conclusory."  *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

The Standard cites *Rhodes, Inc. v. Morrow*, 937 F. Supp. 1202, (M.D.N.C. 1996) as presenting the law that "false misrepresentation generally cannot be to a future occurrence because the 'determination of truth or falsity must be made at the time of the representation.'" 937 F. Supp. at 1216 citing *Childress v. Nordman*, 238 N.C. 708 (1953).  But this ruling cannot apply to a case where the party making the assertion has total control over whether the statement will come to fruition or not.  In other words, if the party making the statement has control over whether the promised action will occur, that party cannot use *Rhodes* as a defense for not following up on its promise.  If interpreted too loosely to mean, as The Standard argues, that no statement as to a future occurrence could ever be subject to a claim of fraudulent misrepresentation, negligent misrepresentation would cease to be a meaningful cause of action.

Here, The Standard promised that 1) it would be able to produce contract for insurance plans for Plaintiff's client, Shelba, by the deadline of June 1, 200;" and 2) that "the contracts would mirror the prior contracts between Shelba and Canada Life." *See* Complaint ¶ 26. Since The Standard has total control over the production and content of these contracts, it would be improper for this Court to find that The Standard is wholly insulated from claims of fraudulent misrepresentation by the holding in Rhodes. If The Standard knew, at the time the two assertions in question were made, that it would be unable to fulfill its promises, it would be liable for fraudulent misrepresentation. Here, it is too soon in the litigation to determine The Standard's intentions when it made the statements in question, thus granting a dismissal would be premature.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss hereby **DENIED**.

Signed: March 6, 2007

Graham C. Mullen
United States District Judge